UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BELSER, SR., ET AL.,

        Plaintiff,                    Case Number: 2:16-cv-12792
                                                   HON. VICTORIA A. ROBERTS

v.

VONDA EVANS, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.    Introduction

Plaintiff Marvin Belser, Sr., a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* complaint under 42 U.S.C. § 1983. He names two defendants, Wayne County Circuit Court Judges Vonda Evans and Sheila Ann Gibson Manning. He challenges their decisions related to a child protective services case and his criminal trial. He also argues that their actions violated Michigan's Public Health Code. Plaintiff seeks declaratory and monetary relief. The complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted

### II.    Additional Plaintiffs

In addition to Marvin Belser, Sr., the complaint names five additional plaintiffs. However, Belser, Sr., is the only plaintiff to have signed the complaint and the only plaintiff

to have submitted an application to proceed *in forma pauperis*. There is no indication that any of the additional plaintiffs were even aware of Belser's intent to file this case. These plaintiffs, therefore, are dismissed without prejudice.

### III.     Plaintiff's Motions

Since the filing of his complaint, Plaintiff has filed a Motion for Leave to Amend Complaint (ECF No. 7), a second Motion for Leave to Amend Complaint (ECF No. 8), a Motion to Submit Relevant Documents (ECF No. 9), and a Motion to Submit More Relevant Documents (ECF No. 10). Plaintiff's motions for leave to amend complaint seek to expand the relief he seeks in this action. As discussed below, the Court finds that the complaint fails to state a claim for relief under § 1983 and declines to exercise jurisdiction over the state-law claims. Amendment of the relief section, therefore, would be futile and the motions are denied. Plaintiff's motions to submit additional exhibits are granted and the documents attached to the motions are accepted for filing.

### IV.     Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than

the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be

construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## V.   Discussion

As noted, Plaintiff's complaint focuses on the actions of state court judges Evans and Gibson Manning. Judges are absolutely immune from civil rights suits when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 13, *quoting Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12. Plaintiff complains of Judge Evans' and Judge Gibson Mannings' actions related to a child custody proceeding and his criminal trial, including evidence Plaintiff argues was improperly considered at his criminal trial and an incorrect verdict reached in that trial. Plaintiff's allegations concern actions normally performed by a judge. Therefore, these defendants are immune from suit under § 1983.

In addition, Plaintiff argues that Defendants' actions violated various provisions of Michigan's Public Health Code. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the

4

extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Here, the Court declines to exercise supplemental jurisdiction with regard to Plaintiff's state-law claims.

## VI. Conclusion

For the reasons stated, the Court **dismisses** Plaintiffs Precious R. Belser, Marvin Belser, Jr., Latrina M. Belser, Genesis Underwood, and Elijah Underwood without prejudice.

Plaintiff Marvin Belser, Sr.'s claims against defendants Evans and Gibson Manning fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and the Court declines to exercise jurisdiction over his state-law claims. The Court, therefore, **dismisses** the complaint. The dismissal of Plaintiff Marvin Belser, Sr.'s state-law claims is without prejudice.

The Court **denies** Plaintiff's Motions for Leave to Amend Complaint (ECF No. 7 & 8). The Court **grants** Plaintiff's Motion to Submit Relevant Documents (ECF No. 9) and Motion to Submit More Relevant Documents (ECF No. 10).

The Court further finds that if Plaintiff elects to appeal this decision, he may not

proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                                    S/Victoria A. Roberts
                                                    VICTORIA A. ROBERTS
                                                    UNITED STATES DISTRICT JUDGE

Dated: October 4, 2016