**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARVIN BELSER, SR.,

        Plaintiff,                        Case Number: 2:16-cv-12792
                                                           HON. VICTORIA A. ROBERTS

v.

VONDA EVANS, ET AL.,

        Defendants.
                                        /

## ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT NEWLY DISCOVERED AND COMPELLING EVIDENCE AS EXHIBITS

Plaintiff Marvin Belser, Sr., filed a *pro se* complaint on behalf of himself and his children under 42 U.S.C. § 1983, against two defendants, Wayne County Circuit Court Judges Vonda Evans and Sheila Ann Gibson Manning. He challenged the Defendants' decisions related to a child protective services case and his criminal trial and claimed that their actions violated Michigan's Public Health Code. The Court dismissed Plaintiff's children without prejudice because they did not sign the complaint and there was no indication that they were even aware that the complaint had been filed. The Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Court also certified that any appeal would not be taken in good faith. Plaintiff then sought leave to proceed *in forma pauperis* on appeal in the Sixth Court of Appeals. The Sixth Circuit held that Plaintiff's appeal lacked an arguable basis in law and denied him leave to proceed *in forma pauperis* on appeal. *See Belser v. Evans, et al.,* No. 16-

2622 (6th Cir. March 20, 2017) (ECF No. 22). Now before the Court is Plaintiff's Motion to Submit Newly Discovered and Compelling Evidence as Exhibits.

Plaintiff seeks to submit evidence supporting his argument that his state court convictions violated the Double Jeopardy Clause. The Court construes the motion as a motion for relief from judgment based upon newly discovered evidence under Rule 60(b)(2) of the Federal Rules of Civil Procedure. The Court may relieve a party or its legal representative from a final judgment, order, or proceeding on the grounds of newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b). Fed.R.Civ.P. 60(b)(2). To prevail on a Rule 60(b)(2) motion, the movant must demonstrate that: 1) he exercised due diligence in obtaining the information; and 2) the evidence is material and clearly would have produced a different result if presented before the original judgment. *McFall v. Patton*, 238 F.3d 422 (6th Cir. 2000), citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). A motion under Rule 60(b)(2) must be made within a reasonable time no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P 60(c)(1).

Plaintiff motion is timely, but he does not present any new evidence justifying relief under Rule 60(b)(2). Plaintiff attaches to his motion two letters to the state court judge who presided over his preliminary examination, a letter to one of the defendants in this proceeding, copies of state court criminal docket sheets, and a letter from Chief Judge Nancy Blount, 36th District Court, transmitting the state court docket sheets. These documents are irrelevant to the Court's dismissal of Plaintiff's civil rights complaint on the basis of judicial

immunity. To the extent that Plaintiff seeks to assert a new claim that his right to be free from double jeopardy was violated, such a claim is not properly filed under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus.").

Accordingly, the Court DENIES Plaintiff's Motion to Submit Newly Discovered and Compelling Evidence as Exhibits (ECF No. 24).

SO ORDERED.

 S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2017